**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM E. PERRY, | : | CIVIL ACTION NO. **4:13-CV-2421** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WESTFIELD BOROUGH POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I.    BACKGROUND.

On September 12, 2013, Plaintiff, currently an inmate at the Tioga County Prison, Wellsboro, PA, filed, *pro se*, a civil rights Complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1). On October 16, 2013, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis.* (Doc. 12). On October 10, 2013, Plaintiff filed a second document titled "Complaint" which the Court found supplemented Plaintiff's original Complaint.  (Doc. 9).  Plaintiff attached documents regarding his criminal case in the Tioga County Court of Common Pleas as Exhibits to his Complaint. (*Id.*).  We then screened Plaintiff's Complaint as required under the Prison Litigation Reform Act of 1995[1] (the "PLRA").

On November 1, 2013, we issued a Report and Recommendation (Doc. 15) recommending that Plaintiff's Doc. 9 Complaint be dismissed with prejudice in its entirety. Plaintiff filed objections on November 13, 2013.  (Doc. 18).

---

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

On March 24, 2014, the Court adopted our Report and Recommendation (Doc. 15) recommending that the Complaint be dismissed, but modified it to allow Plaintiff to amend his Complaint.  (Doc. 21).  The Court further granted Plaintiff's motion for leave to proceed *in forma pauperis* and remanded the case to us for further proceedings.  (*Id*.).

On March 27, 2014, we issued an Order and directed Plaintiff to file an amended complaint within **twenty-one (21) days** of the date of this Order.  (Doc. 22).  Plaintiff was also given directions on how to file his amended complaint.   We further stated in our Order that failure of Plaintiff to timely file his amended complaint may result in a recommendation that his action be dismissed.

Plaintiff's amended Complaint was due on April 18, 2014.   Plaintiff failed to file his amended complaint as ordered.   Nor did Plaintiff request an extension of time to file his amended complaint.

## II.        DISCUSSION.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Ali v. Josefowicz*, 2011 WL 1740679, *1.  In the instant case, Plaintiff Perry  has failed to prosecute his action and, has failed  to comply with the Order of this Court by his failure to timely file  his amended complaint.  As stated, Plaintiff has taken no action with respect to his case since he filed his objections to our Doc. 15 R&R  on November  13, 2013. (Doc. 18).  In our March 27, 2014 Order, we directed Plaintiff to file his amended complaint.  (Doc. 22). We note that  our

Doc. 22 Order, which was mailed to Plaintiff at his listed prison address, was presumed received by Plaintiff since it was not returned to the Court as undeliverable.

Plaintiff failed to timely file his amended complaint by April 18, 2014, as directed.  We then sua sponte afforded Plaintiff additional time to comply with the Court's Order.  Nonetheless, Plaintiff has  failed to file his amended complaint.  Further, Plaintiff has not filed any document with the Court explaining why he has failed to comply with the Doc. 22 Order.  Nor has Plaintiff requested additional time to comply with the Court's Order.

We find that the stated behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's Order.  We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).  We find that due to Plaintiff's wilful failure to file his amended complaint, this case cannot proceed forward.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court.  *See Ali v. Josefowicz*, 2011 WL 1740679, *1.  Therefore, we shall recommend that this case be dismissed without  prejudice under Rule 41(b) due to Plaintiff's wilful failure to prosecute it and due to her wilful failure to comply with the Court's  Order.  Plaintiff should be deemed as abandoning his action.  *Id.; see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

3

Even though we find that Plaintiff's conduct clearly shows that he intended to abandon his case, out of an abundance of caution, we analyze the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984),  before recommending that this case be dismissed without prejudice under Rule 41(b).   *See Emerson v. Thiel College*, 296 F.3d at 190.

In *U.S  v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003)*,* the Court stated that "the sanction of dismissal is disfavored absent the most egregious circumstances. *See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir.1984)*."  The Court in *U.S  v. $8,221,877.16 in U.S. Currency,* 330 F.3d at 161-62 (citing *Poulis,* 747 F.2d at 868), then stated that "six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified:"

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused  by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

In analyzing and balancing all of the *Poulis* factors, we find that Plaintiff's  stated conduct in delaying his case is attributed to him personally.  Initially, Plaintiff was required to  file his amended complaint  by April 18, 2014. (Doc. 22).  Plaintiff failed to  comply with the Court's Order.   We then sua sponte afforded Plaintiff  additional time to comply with the Court's

Order.  To date, Plaintiff has failed to timely file his amended complaint.  Plaintiff has filed no document in his case for over five (5) months since he filed his objections. (Doc. 18).  We find that Plaintiff now has a history of dilatoriness. Thus, Plaintiff has not filed any proper amended pleading.

As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order to file his amended complaint.  Because we shall recommend that Plaintiff's case be dismissed without prejudice and because Plaintiff has not paid the filing fee,  we find that other sanctions would not be effective in this case.

Moreover, since Plaintiff has failed to file a proper pleading and has failed to file his amended complaint as specified in our March 27, 2014 Order, and as thoroughly discussed in our Doc. 15 R&R, Plaintiff has failed to state a meritorious constitutional claim against Defendants under §1983.  *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007).

Accordingly, Plaintiff has failed to comply with the Court's Order and he has failed to file a proper pleading. Thus, we shall now recommend that his case be dismissed without  prejudice in accordance with Rule 41(b).  As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order to file his amended complaint.

Therefore, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice.   We find that Plaintiff's wilful failure to comply with the Court's Order to file his amended complaint demonstrates he has abandoned his case.

**III.     RECOMMENDATION.**

Based on the foregoing, it is respectfully recommended that the Plaintiff Perry's case be dismissed without prejudice.   It is also recommended that this case be closed.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**



**Dated: April 24, 2014**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM E. PERRY, | : | CIVIL ACTION NO. **4:13-CV-2421** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WESTFIELD BOROUGH POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants | : | |
| | **NOTICE** | |

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 24, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the  disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where  required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.




<u>s/ **Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**




**Dated: April 24, 2014**